### In re Will of Mabel E. Pynchon.

(55 A2d 519)

October Term, 1947.

Present: Moulton, C. J., Buttles, Sturtevant and Jeffords, JJ. and Cleary, Supr. J.

Opinion filed November 4, 1947.

*Wayne C. Bosworth* for the contestants.

*McNamara & Larrow* for the proponent.

*Austin & Edmunds* for Winifred Gleason, a legatee.

BUTTLES, J. The question here presented for consideration is whether a probate court has authority, in its discretion, to permit the executor named in a purported will to discontinue his petition for the probate thereof and to withdraw the document from the files of the probate court for the purpose of presenting it to the proper court in another jurisdiction where it is alleged that the testator died and that the greater part of her property is located. This question is raised by the contestants' unopposed motion to reverse, pro forma, the judgment of Addison County Court on appeal from the Probate Court for the District of Addison whereby the document in question was allowed and probated as the last will and testament of Mabel E. Pynchon.

The question is a new one in this jurisdiction and little authority in regard thereto is to be found elsewhere. Two cases have come to our attention in which the authority here contended for was denied to the probate court. One of these cases is *St. John's Lodge* v. *Callender*, 26 NC 335, 4 Ired 335, in which the denial of authority was based largely upon the ground that the proceeding for probate of a will is a proceeding in rem and not in personam, but in *Crow* v. *Blakey*, 31 Ala 728, it is said that "though the probate of a will is a proceeding in rem, yet, under our system, when there is a contest it partakes somewhat of a proceeding inter partes or in personam." This appears to be the view taken by the other cases which sustain the contestants' contention.

The contestants rely mainly upon *French, Exr.* v. *Brooke, (In re Binney's Will)*, 241 Mass 315, 135 NE 168, supported by what appears to be the weight of authority. In the Binney case the purported will was executed in Italy where the decedent died leaving property in Massachusetts. Whether her domicil was in that State or in Italy was in dispute. The purported will was offered for probate in Massachusetts by the executor named therein who later petitioned the court for leave to withdraw the same. It was held that the petitioner could not, as a matter of right, withdraw the will but the probate court, in its discretion, could permit it to be withdrawn. It should be noted that in that case the petition was opposed by the sole heir and next of kin, while here the contestants' motion is supported by a stipulation of all the parties in interest who have appeared, requesting that it be granted. The decision in *Crow* v. *Blakey, supra,* and in *Heerman* v. *Hill,* 2 Hun. 409, is to the same effect as in the Binney case. See

also *Matter of Lasak,* 131 NY 624, 30 NE 112, and *Fisher's case,* 49 NJ Eq 517, 4 Dick. 517, 24A 1019.

We agree with the conclusion of the court in the Binney case and hold that in the present case the Probate Court may, in its discretion, permit the discontinuance of the petition for probate and the withdrawal of the purported will for the purpose indicated by the contestants' motion.

*Judgment of the County Court entered May 17, 1947, reversed pro forma and cause remanded to Probate Court for further proceedings not inconsistent with the views herein expressed.*